EJECTMENT.                    Carrol *vs.* Mays.

[Mr. Turner for plaintiff: Mr. Owsley for defendant.]

FROM THE CIRCUIT COURT FOR JESSAMINE COUNTY.

*June* 10.      Chief Justice ROBERTSON delivered the Opinion of the Court.

The action.      THIS is an ejectment brought by *Carrol*, claiming under the junior of two conflicting grants, against *Mays*, holding under the elder legal title; and in which the plaintiff attempted to recover upon proof of an adverse possession by himself and those under whom he claimed, for more than twenty years, before the defendant obtained the possession of the land now in controversy.

Verdict and judgment having been rendered in favor of the defendant, the plaintiff urges a reversal on several grounds.

An eject. was served on two persons, one of whom was tenant of the other; the latter alone defended, & the verdict & judg't were for the defendant. Tho' it was not expressly stated that, he defended for his tenant as well as himself, it should be so understood; and judgment by default against the tenant, should not be allowed—especially, as it was not demanded before the trial, nor any intimation given, that it would be claimed.

*First.* The plaintiff insists that the Circuit Judge erred in refusing to render a judgment by default, against one King, a tenant of Mays, and upon whom, as well as on the landlord, (both being in possession,) the declaration and notice had been served, but who was not made a defendant—Mays alone having been entered as a defendant, by an order which did not *expressly* state that he defended for his said tenant, as well as for himself.

But it seems to us, that the landlord's defence should be understood as embracing his tenant, as well as himself; and therefore, we are not inclined *now* to sustain this objection, especially as there was no motion for a judgment by default against the tenant, until after the verdict in favor of the landlord, who would doubtless have been made a defendant, expressly and explicitly for his tenant, before the trial, had there been, before that time, even an intimation by the plaintiff, of an intention to seek a judgment by default against the tenant, or of a doubt whether the defence, as made, embraced all the land claimed by the suit.

*Second.* The plaintiff, also, insists that the Circuit Court erred in admitting the said King as a witness for the defendant.

But this objection, also, is, in our opinion, unavailable, for if it be admitted that King, as an occupying tenant, was interested in the event of the suit—yet, though the plaintiff objected to his competency, yet he did not except to the opinion of the Court overruling that objection, and moreover, if the verdict was authorized by all the evidence as given, it would have been right without King's testimony. In such a state of case, an error in admitting such incompetent testimony, should not be deemed *per se* a sufficient ground for a new trial, even though, as in this case, it be one of the express grounds of the motion for a new trial; because, had the decision of the Judge in overruling the objection to the admission of the evidence been excepted to, the party offering the evidence might have waived it, and probably would have done so when it was not very important; and, in such a case, he might be unjustly surprised when, for the first time, an exception to the opinion of the Court is taken on a motion for a new trial. *Doe, ex Dem. Woods et al.* vs. *Kennedy,* 5 *Mon.* 177.

And though we are not prepared to say, that there could be no case in which a new trial should be granted for an erroneous admission of testimony objected to when offered, but to the admission of which there was no exception on the trial—yet we are prepared to decide that, the case should be a stronger one than this, and the incompetent testimony should be more important than that of King could be admitted to have been. He testified concerning only two important facts; one of which had been indisputably and more satisfactorily proved by other evidence, and the other of which might have been inferred, as well without as with his testimony.

Wherefore, we consider this second ground insufficient for reversal.

*Third.* The last objection we shall notice, is that erroneous instructions were given to the jury. And the only question we deem material in this branch of the

---

That the evidence of an interested witness was admitted, tho' objected to, is held not to be sufficient ground for a new trial because no exception was taken; the evidence was not very essential, and the verdict would probably have been the same without it. But—

The admission of an incompetent witness whose testimony was important, & was objected to, would be ground for a new trial, though there was no bill of exceptions taken to the decision, admitting it.

An adverse possession of land, for 20 years, by a party without claim of title,

Spring Term 1839. Carrol vs Mays.

might give him a right of entry, on which he could recover in ejectment; but yet, instructions that he could not recover unless he & those under whom he claimed had occupied the land for 20 years, *claiming title thereto*, is not sufficient ground for a new trial, in a case, like this, where, as the evidence was that the claim of title was always made --the instructions could not have been prejudicial. And here they were not even technically erroneous; for—Before the twenty years had run, the land was recovered under the elder grant, and a tenant who had entered *pendente lite*, surrendered the possession, after the judg't, to the suc cessful party; and as that was legal and proper, it gave the pltf. in the judg't the benefit of the possession during the pendency of his action, so that that period could not be added to the prior possession under the junior grant, to make out the 20 years.

case, is whether the Circuit Judge erred in instructing the jury, that the plaintiff could not recover, unless he proved that himself and those under whom he had once occupied the land had been adversely possessed thereof twenty years, *claiming title thereto*.

Though, in the abstract, this instruction may not have been precisely correct, because there might possibly have been an adverse possession without any claim of right—yet, we are satisfied that, in this respect, it could not have been prejudicial, and that, when applied to the facts before the jury, was not even technically erroneous.

Before the twenty years had run, the holders of the elder grant, under whom the defendant claims, had sued the present plaintiff in ejectment, for one thousand acres of land, including the parcel now in controversy, cleared, enclosed and claimed by him, but without any documentary title, and also one hundred and fifty acres to which he had a title, derived regularly, by record evidence, from the patentee. And, in that action, the lessors recovered a judgment for all the land sued for; and a tenant, who had entered under the present plaintiff, during the pendency of that action, and was therefore subject to eviction under the authority of the judgment against the landlord, surrendered the possession to the successful party, some time after the date of the judgment for eviction.

If the land thus surrendered was embraced by the judgment, the surrender, whether with or without the landlord's consent, was lawful and proper, and not only was the successful party's subsequent possession legally, as well as actually, his own, and not in any sense, constructively that of the surrendering tenant's landlord, the present plaintiff; but the party, thus coming in under his judgment obtained, in an action commenced before there had been an adverse occupancy for twenty years, acquired the benefit of the possession continued *pendente lite*, and that possession cannot now be added to that which had been enjoyed prior to the institution of the suit, for the purpose of showing a right of entry in

the plaintiff in this suit, arising from an adverse posses-
sion continued for twenty years.

Though the proceedings concerning improvements,
referred only to the hundred and fifty acres to which the
present plaintiff had title, this circumstance does not
tend to show, as argued by the plaintiff's counsel, that
the judgment for eviction was for only the same hundred
and fifty acres; because, the plaintiff, who was then the
defendant, had no right to demand remuneration for im-
provements made by him on the land now in controver-
sy, and to which he manifested no title whatever.

But the present plaintiff being, as he certainly was, in
the possession actually or virtually of the land now in
controversy, as well as of the hundred and fifty acres,
when the notice was served on him in the action of
ejectment in which judgment was obtained against him,
his defence should be considered as embracing both par-
cels, the judgment should be deemed conclusive against
him as to all; and his *pendente lite* tenant was, therefore,
subject to eviction under that judgment, and was conse-
quently under a legal obligation to surrender the posses-
sion to the successful party. And of course, the sur-
render which was afterwards made by the plaintiff's
tenant, should not be deemed an unauthorized or unlaw-
ful *attornment*.

According to these facts and conclusions, there had
never been such a possession in the plaintiff and others
whom he succeeded, as would maintain this action.
And the jury could not reasonably have come to any
other conclusion.

Besides: it is evident that, whatever adverse posses-
sion there was, it had been always accompanied by
claim of title.

We are, therefore, of the opinion that the instructions
should not be deemed to have been prejudicial, or, when
applied to the testimony, even incorrect.

Wherefore, being, as we are, also of the opinion, that
the evidence authorized the verdict—it is the judgment
of this Court that that of the Circuit Court be affirmed.

The fact that the proceedings concerning the improvements upon land, after a judgment of eviction, were confined to one parcel, to which the deft. had a regular derivation of title, does not authorize the conclusion that, another tract of which, also, he had possession, but no title, was not included in the recovery; for as to the latter, having no title, he had no claim to pay for improvements.