## Buckner *vs* Pope.

ERROR TO THE JEFFERSON CIRCUIT.

*Ejectment. Practice in actions at law.*

JUDGE MARSHALL delivered the Opinion of the Court.

*December* 23.

THIS declaration in ejectment, on the demise of Buckner, was served on Miller in September, 1827, with a notice thereto attached, naming the first day of the succeeding October term of the Jefferson Circuit Court for his appearance in Court. But no notice was taken of the case on the first day of the term, and on a subsequent day, without any appearance by Miller, John Pope was, on his own motion, admitted to defend in the room of the casual ejector, Roe, and thereupon, made the usual confession, and pleaded not guilty, &c. After several continuances, the plaintiff was nonsuited for failing to appear when the cause was called; but the nonsuit having been set aside, the case remained in Court until January, 1839; previously to which time there had been three trials, each terminating in a verdict for the plaintiff. The last of these verdicts was rendered in September, 1838, and the judgment was then arrested on the ground that the suit was not called in Court and noted on the record on the day specified in the notice; that the cause was, therefore, never regularly in Court; that Miller was not before the Court in this suit, when Pope was made defendant, and that the entry of Pope as defendant was erroneous and irregular. In January, 1839, the Court, for the same causes, ordered the suit to be dismissed.

*The case stated.*

Notwithstanding the failure to notice the suit in Court, and upon the record on the first day of the October term, 1827, it cannot be doubted, that had Miller himself, appeared at a subsequent day of the same term, entered into the common rule and pleaded not guilty, the previous omission would have been completely cured, and the suit would, thenceforth, have been regularly pending for all purposes appropriate to such an action. It is

Altho' declaration in ejectment be not noticed of record as filed on the day specified in the notice, yet if tenant in possession appear & plead, it is good —Or if one be entered def't. by consent of the tenant, or who

BUCKNER
*vs*
POPE.

has given posses-
sion to tenant, or
is landlord to the
tenant, and it so
appears from the
record, it *is good.*

Tho' the record
do not show that
the person enter-
ed def t. in eject-
ment (other than
the tenant in pos-
session,) was ei-
ther landlord or
otherwise bound
to defend the te-
nant in posses-
sion, yet if the
suit had been de-
pending for many
years, and sever-
al trials had, this
Court will pre-
sume he was pro-
perly admitted to
defend, so far as
he is interested.

equally clear, that if the record had shown that by Miller's authority or consent, or by virtue of Pope's relation to the possession or to Miller, Pope was admitted to defend the possession claimed by the plaintiff, the same consequence would have followed. These positions we regard as being fully established by the case of *Sidwell* vs *Worthington's heirs*, 8 *Dana*, 74; and that the landlord may defend alone, when his tenant has been served with the notice, is established in practice, and is recognized in the case of *Carrol* vs *Mays*, 8 *Dana*, 178.

But the record does not state any such consent or authority from Miller, or any such relation between Pope and himself or between Pope and the possession, as is above supposed; and therefore, the case does not come directly within the principles above stated, and the same consequences may not follow to the same extent. But when we seek for an answer to the natural questions, why did Pope make himself defendant? and why was he permitted to do so? and why did he maintain an obstinate litigation for eleven years, to prevent a judgment for the plaintiff? and why and how did these verdicts convict the defendant of the trespass and ejectment alleged in the declaration? We are compelled to admit the presumption, that in the first place he either proved or alleged a sufficient ground for his being permitted to defend the possession which had been demanded from Miller, and that upon the several trials, there was sufficient proof to identify him with Miller or with the possession, or the jury could not have found him guilty of the ejectment; and we are of the opinion that, so far as Pope is concerned, this presumption is conclusive, that after his acts shown by the record, after so protracted a litigation, and so many trials, all resulting as they have done, against him, it does not lie in his mouth to say, either that he had no right to make himself a defendant, or that there is no suit properly in Court, or that the land described in the declaration, and which was in possession of Miller when the declaration was served on him, is not the real subject of contest, or that the plaintiff is not entitled to a judgment on the verdict, because it does not appear from the record, that Miller was ever properly before the Court.

So far as he is concerned, the record affords a conclusive presumption that he is rightfully and completely identified with Miller and with the possession; and he cannot allege as a cause for not rendering judgment against him, that such a judgment will not be effectual to authorize a transfer of the possession to the plaintiff.

This presumption, which estops Pope, is not, it is true, conclusive against Miller, because the record does not, any where, state his consent or authority, or in any manner, directly identify him with Pope's acts, or with the defence of the suit. But although the record does not conclusively show, as against Miller, that he will be bound by the judgment, it does show this conclusively as against Pope. And if, as is contended, Miller is no party, formal or real, to the defence, he could not, for that very reason, interpose between the verdict and judgment, and object that the judgment would not bind him, nor indeed is there any such objection in his name. If, as there is some ground for infering, he did in fact, though not regularly before the Court, identify himself with the defence, and by this means or otherwise, sanction and ratify the act of Pope, in resuscitating the suit after the omission to notice it on the first day, there would be no ground for objecting to the judgment, even so far as he is concerned.

But as we conceive, the question is not now between the plaintiff and Miller, but between the plaintiff and Pope, as to whom the presumption is as already stated, that he either came into possession after the service of the declaration, or that, on the ground of his connection with the tenant, or of his consent or authority, or ratification, the defence of the possession was rightfully involved in this suit. And there is some ground for inferring, from a reference to Miller in one of the motions for a new trial, that he did, in fact, conduct the defence, and was regarded as the real party. If this be so, there is no reason in justice or law, why he should not be subject to the execution of the judgment. If, on the other hand, he has in no manner authorized or sanctioned the defence by Pope, this fact cannot be relied on by Pope to prevent a judgment against himself, but can only be relied

on by Miller to prevent or set aside the execution of the judgment against him.

The circumstances attending the progress of this suit, render it highly probable that Miller did, in fact, sanction and co-operate in the defence made by Pope, and that the plaintiff was thereby induced to believe, that no other proceeding was necessary to reach the possession. If this be not so, Miller has remedy against any injurious operation of the judgment. If it be so, it would be a reproach to the law, if the plaintiff must now, at the end of thirteen year's litigation, be turned round upon technical points, to a new action, in which, by the lapse of time, or the death of witnesses, he may be deprived of a right which three verdicts have awarded to him.

Wherefore, the order dismissing the suit, and that arresting the judgment, are reversed, and the cause is remanded with directions to render a judgment for the plaintiff upon the last verdict.

*Grigsby* for plaintiff: *Pirtle* for defendant.