J. H. GARDNER'S ADMR. *v.* J. H. ROBERTS ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—614.]

**Revivor of Actions.**

Although the time has passed for a revivor according to the summary mode prescribed by the Code (1876), Title 11, still that mode of revivor does not impair the right to bring any necessary party before the court by other appropriate means.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 6, 1883.

OPINION BY JUDGE HARGIS:

This is the second appeal in this case. On a former appeal this case was reversed because the commissioner's report of sale had been confirmed after the death of the alleged purchaser and without any revivor of either the original or cross-action against his real representatives. On the return of the cause it appears that Gardner's heirs declined to revive the original action in their names, and his administrator resisted the efforts of Hoffman, the bank, and Roberts to do so. It seems that the heirs and administrator together not only blocked all efforts at revivor of their action, but brought the court to the point of disclaiming power to proceed with the case. The orders appealed from present an anomaly in judicial proceedings.

The court overruled appellees' motion, made in pursuance of the summary mode provided by the code, to revive the original action in the name of the heirs of J. H. Gardner, who was the plaintiff in that action. This was correct, as four years had expired from Gardner's death before the motion, based on notice, was made to revive, and according to the provisions of the code the time had elapsed within which the action might have been summarily revived. Civ. Code (1876), §§ 508, 509.

The administrator then moved to set aside the commissioner's report of sale and the appellees moved to confirm it, but the court decided it could do neither, without the heirs were before the court. The administrator, after the order was made, successively moved the court to dismiss the cross-action of the appellees and for a re-sale of the land, which were overruled, and the administrator has appealed and the appellees have prayed a cross-appeal.

It will be noted that the administrator procured a reversal of the order confirming the commissioner's report of sale, on the former appeal, because the heirs of his intestate were not parties; yet he resisted, on the return of the case, a revivor in the name of the heirs and moved to set aside the sale which may not have been to their interest, and in the setting aside of which they were as much interested legally and as necessary parties as they were in the proceedings to confirm. This action upon his part is inconsistent, while it may be intended to subserve the pecuniary interest of the heirs. But it seems to us that if the heirs were interested in the confirmation of the sale to their ancestor, they were equally interested in the proceedings to set it aside and deprive them of the real estate which, if the sale were confirmed, they would inherit from him. So the court properly overruled the appellant's motion, for the reason that the real representatives of his intestate were not parties, without reference to any other that may exist.

The appellees amended their cross-petition, in which they sought to recover the amount of their mortgage debt, and made the heirs of appellant's intestate parties. The amendment by appellees was in the nature of a bill of revivor and to bring the necessary parties before the court, which was their right and duty to do, according to Civ. Code (1876), § 23. Although the time had passed for a revivor, according to the summary mode prescribed by Code (1876) Title II, yet, as has been held by this court in *Greer v. Powell,* 1 Bush (Ky.) 489, that mode of revivor does not impair the right to bring any necessary party before the court by other appropriate means, and the court therefore properly refused to dismiss the cross-action, it not being possible or necessary to proceed to revive the cross-action against the heirs by the provisions of said title.

The court refused to set aside or confirm the sale, and as no final order has been made respecting the sale no appeal lies to the new action of the court about that matter. As the parties are anxious to avoid future litigation on the much vexed question of parties to this action, growing out of a struggle for position in the anticipatory contest over the confirmation of the sale on the merits, we suggest that as there has been a sale which is not denied, and which vests the equitable right to the house and grounds on which it stands in the heirs of J. H. Gardner, if he was the purchaser, it is the duty of the court to respect their rights and not

to sell the property bought by their ancestor unless they success-fully resist the confirmation of the sale; and this they can not do without becoming parties to the original action by consent of appellees now, or unless they, as defendants to the cross-action of appellees by appropriate answer and defense, defeat the appellees in their affirmation that the sale was made and their ancestor was the purchaser, in which event the whole of the land and the house should be subjected to the liens of the parties according to their priority, about which there seems to be no controversy.

But should the appellees show the sale and purchase by J. H. Gardner in such a light as a court of equity ought to confirm it, the court should credit the amount of his bid on the debt due his estate and, if it is thereby extinguished, adjudge the appellees the amount of the mortgage and direct a sale of the remainder of the land to pay it, and leave the heirs to their pleasure as to whether they will have the sale to their ancestor confirmed.

We see no error in any of the final orders appealed from, and as we have no power to order the court to proceed with the case we will so far as it has gone *affirm* its action on the original and cross-appeal.

*Tyler & Hazelrigg, for appellant.*

*H. L. Stone, W. H. Holt, for appellees.*

[Cited, *Louisville v. Woolley,* 108 Ky. 691, 22 Ky. L. 405, 57 S. W. 499.]