CASE 77—ACTION BY E. C. TUTT TO SETTLE THE ESTATE
OF C. A. DUFF, DECEASED.—March 11, 1909.

## Duff, &c., v. Combs.   Combs v. Duff

Appeal from Breathitt Circuit Court.

ROBERT RIDDELL, Circuit Judge.

From the judgment Creed Duff and others appeal adversely to S. S. Combs and Combs appeals adversely to Nancy Duff—Reversed as to the first appeal and affirmed as to second appeal.

1. Abatement and Revival—Death of One of Several Parties—Suits to Settle Estate—Under Civ. Code Prac. Section 432, making creditors who file claims against an estate parties to a suit to settle the estate, such suit does not abate as to other claimants by the death of the creditor bringing the suit, though it is not revived by his personal representative.

2. Abatement and Revival—Death of Plaintiff—Rights of Personal Representative—The interest of a creditor suing to settle an estate devolves upon his personal representative at his death.

3. Abatement and Revival—Bar as to One Party—Effect—There may be sufficient parties, though revivor as to one party is barred.

4. Judgment—Process to Sustain—Suit to Settle Estate.—A decree and proceedings thereunder in a creditor's suit to settle an estate is void where defendants were not summoned, and did not appear.

5. Judgment—Conformity to Prayer—Under Civ. Code Prac. Section 90, limiting recovery to that demanded when no defense is made, a decree of sale beyond the prayer of the petition in a creditor's suit to settle a decedent's estate was improper.

6  Appeal and Error—Presentation of Questions in Lower Court—Void Judgments—Essential Steps.—Before appeal lies from a

Duff &c. v. Combs—Combs v. Duff.

void judgment or a clerical misprision, motion to correct the judgment must be first presented to the lower court.

7. Attorney and Client—Authority to Receive Notice—Presumption.—In the absence of a disclaimer of the relation of attorney and client, it will be presumed that the attorney had authority to receive notice of a motion.

8. Appeal and Error—Presumptions—Support of Judgment—Service of summons is presumed as against collateral attack on a judgment, but not on appeal which is a direct attack.

J. J. C. BACK and G. W. FLEENER for appellants.

It is the policy of the law to uphold sales. The security of property and repose of society require it, and where the court has jurisdiction to order the sale, and the sale is regularly made in accordance with the decree and completed by confirmation and conveyance, it will not be set aside for errors in the decree, or because of the invalidity and subsequent reversal of the decree. 24 Cyc. 39; Lusk, &c. v. Salter, 65 Ky. 201.

O. H. POLLARD and E. C. HYDEN for Duffs.

POINTS RELIED ON.

1. Plaintiff Tutt having died before the report of sale was confirmed and the cause not having been revived, the orders directing the commissioner to execute deed to the purchaser, was void, and the court erred in overruling Duff's motion to set aside said order, and all orders entered herein since January 1, 1902, and to strike the cause from the docket. Civil Code Sec. 509, 510; Horsley vs. Ashers Heirs, 94 Ky. 314; Bardstown & G. T. Co. vs. Howell, 13 Ky. Law Rep. 363; Apperson vs. Fulkerson, 7 Ky. Law Rep. 452; Hale vs. Commonwealth, 24 Ky. Law Rep. 1573; Hull vs. Deatly, 7 Bush 687.

2. The judgment is a clerical misprision. Clark vs. Finnell, 16 B. M. 334, 335; Johnson vs. Bank, 2 Duvall, 521; Wilson vs. Barnes, 13 B. M. 332; Dodds vs. Combs, 3 Met. 29, 30; Hieronymus vs. Mayhall, 1 Bush, 508; Long vs. Gaines, 4 Bush 353; Civil Code Sec. 90; Radford vs. Southern M. I. Co. 12 Bush 434; Brashears vs. Brashears, decided spring term 1908.

3. The judgment is void.

OPINION OF THE COURT BY JUDGE O'REAR.

C. A. Duff died intestate prior to 1895 a citizen of Breathitt county. He was survived by a widow and several children, and children of a deceased daughter, a number of whom were infants, and some of them under 14 years of age. The decedent owned two tracts of land in Breathitt county, comprising about 200 acres each. E. C. Tutt, who claimed to be a creditor of the decedent, brought this suit in the Breathitt circuit court to settle the estate. He described the lands above named, set out his debts, one of which was a note executed in 1874, and nothing showing that it was not barred many years before the suit was brought. The widow and children and grandchildren were made defendants. The petition alleged that there was no personal estate, and asked that enough of the land be sold to satisfy the debts of the decedent. Whether the summons issued against the defendants was ever served upon any of them is not shown. None of them appeared. A guardian ad litem filed a perfunctory answer for the infants, and then paid no further attention to the case. A reference to the master commissioner was directed to audit claims. Plaintiff Tutt appeared before the master commissioner and gave his deposition. The commissioner says he notified the parties. How is not shown. Perhaps it was by advertisement in a newspaper, as the order of reference directed that course among others. Claims amounting to about $175 were presented and allowed. About three years later there was a judgment entered decreeing a sale of the two tracts of land described in the petition, or

so much as might be necessary to pay the debts allowed in the commissioner's report and the cost of the action. The commissioner sold the land, all of it, for $385.45. The two tracts were not sold separately, but sold together it appears. A deed was made to the assignee of purchaser in the course of a year or so. Two or three years later the purchaser was awarded a writ of possession. Then the widow and children seem to have become aware that they had been sued and their home had been sold. They moved the court to set aside the judgment ordering the sale and the judgment awarding the writ of possession. The court at first overruled the motion, but subsequently, upon notice to the vendee of the purchaser (S. S. Combs), did set aside the judgment of sale. In the meantime the plaintiff in the suit had died, and for more than a year the suit was not revived. It is not revived yet so far as that plaintiff is concerned. But he was not the only plaintiff. A creditor who files a suit to settle the estate of a deceased person brings the action necessarily on behalf of all other creditors, who by filing their claims become parties to the action. Civ. Code Prac. section 432. So, when E. C. Tutt died, and his claim was suffered to abate, the action was nevertheless on the docket for all other claimants who had appeared in the action. The original plaintiff could not have dismissed the suit to the prejudice of the other creditors. His death removed him from the case. Thereafter the personal interest he had represented devolved upon his personal representative. But the latter by failing to revive his intestate's cause of action could not prejudice the rights of the other creditors. Though they may not have appeared on

the docket as plaintiffs, their interest made them such, and the court could have and should have ordered one or more of them to have assumed the active position of plaintiff on the record for the benefit of the others, if their interests were still unsettled. There may be other and sufficient parties before the court, although revivor as to one party may be barred. Gardner v. Roberts, 4 Ky. Law Rep. 614. But in this case the purchaser (now appellant S. S. Combs) had paid off the purchase-money bonds executed at the sale of the land. Presumably the creditors had all been paid their debts. Combs, then, was the sole party in interest, opposed to the heirs of Duff.

This case has been loosely practiced, speaking by the record. It is not disclosed that a summons was ever served upon any party to the suit—adult or infant. Nor did any appear till long after the judgment of sale had been entered and executed. The petition in the case prayed for the sale of enough of the lands of the intestate, subject to the homestead of the widow, to pay his debts. As stated, the judgment rendered was for a sale of all the land, without allotting homestead.

The errors we notice are: (1) The failure to have service upon any of the defendants. (2) The appointment of the guardian ad litem for the infants before they had been summoned, or before any person had been summoned for them. Civ Code Prac. section 36. (3) Entering the decree of sale in spite of and beyond the prayer of the petition. Civ. Code Prac. section 90. (4) Entering judgment at all without summons or appearance of the defendants. (5) Confirming a sale of two separate tracts of land, which sold as a whole, when the law directed a sale in par-

cels.   (6) All subsequent proceedings save the order
setting aside the judgment of sale.   The nature of
these errors varies.   The decree and proceedings
under it without the defendants having been sum-
moned or appearing is void.   The decree for relief
beyond the prayer of the petition (when defense is
not made( is a clerical misprison.   The other errors
are such as may be corrected by appeal from the final
judgment within the time allowed by law.   Before an
appeal could be prosecuted from a void judgment or
a clerical misprison, a motion to correct the judg-
ment in the lower court must first be acted on by that
tribunal.   The notice was given in this case to S.
S. Combs, the purchaser, and the only remaining
party in interest.   It was served upon J. J. C. Bach
as his attorney.   It was also served upon the attorney
of record for the plaintiff.   Neither Mr. Bach nor
Combs appeared, at least the record does not show
that either appeared.   If the notice was served upon
one not an attorney for a party, the attorney should
disclaim the relation.   It is presumed that one who
appears or suffers himself to be treated as the attor-
ney for a party to a suit is the attorney for that
party.   Mr. Bach appears in this court for Combs.
The sheriff's certificate is that he executed the notice
upon J. J. C. Bach; "he being attorney for S. S.
Combs."   The relationship of Bach at that time to
Mr. Combs is not now disclaimed.   We think the
notice was sufficient.

It is argued for appellant Combs that the fact the
record fails to disclose whether summons was served
proves nothing; that the presumption is it was served.
In a collateral attack upon a judgment that is the
presumption.   But this is not a collateral, but a direct,

attack upon the judgment. It is both by motion to vacate the judgment, and by appeal from it. In that state of case the record must sustain itself. See Francis v. Lilly, 124 Ky. 230, 98 S. W. 996, and cases there reviewed. The appeal of Duff's heirs against Combs may have been unnecessary, as the other appeal, that of Combs v. Duff's Heirs, probably brought up the whole question. But the matter is here without objection to the form of appeal and is accordingly disposed of.

The judgment confirming the sale and ordering deed to the purchaser does not appear to have been acted on. Let it now be reversed in the appeal of Duff's Heirs v. Combs. Let the appeal of Combs be affirmed. On a return of the case S. S. Combs will be substituted to the rights and place of those creditors whose claims he paid off when he settled the purchase-money bonds. The circuit court should appoint a guardian ad litem to look after the interest of the infants.