## Louisville Banking Co. and Charles T. Dearing v. Commonwealth.

(Decided March 10, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Corporations—Holding Real Estate—Limitation.—A corporation whose charter has expired, and which is doing no business except to wind up its affairs, is not within the purview of Section 192 of the Constitution, and the time it so holds real estate is not to be counted in the five years limit under that section.

2. Escheat—Action For—Limitation.—An action to escheat property is not an action on a liability created by statute, but is an action to recover real property and is not barred until fifteen years after the cause of action accrues, where the corporation ceases to do business but continues to hold the property.

TAYLOR BARNETT for appellant.

JAMES C. PASTON, LAWRENCE S. POSTON and WALLACE A. McKAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Louisville School Board filed this action in its name and in the name of the Commonwealth of Kentucky against the Louisville Banking Company to escheat two lots owned by the bank on Eleventh street under section 192 of the Constitution. Charles T. Dearing, a stockholder, appeared and sought to defend the action for the stockholders. The circuit court adjudged the plaintiff the relief sought, and the defendants appeal.

Section 192 of the Constitution is as follows:

"No corporation shall engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its legitimate business, for a longer period than five years, under penalty of escheat."

By section 2971, Kentucky Statutes, it is provided that property in the city of Louisville which escheats to the Commonwealth may be recovered by the Louisville School Board for the use and benefit of the schools of the city of Louisville. The property in contest was not proper or necessary for carrying on the legitimate business of the bank. It was taken by the bank for a debt on June 26, 1892, when it was conveyed to it by Vernon D. Price and wife, and had been held by the bank from that time until the filing of the action on October 31, 1908. It was alleged in the petition that the bank for more than five years next prior to the commencement of the action had been continuously in possession of the property and was then in possession as the owner in fee simple, and that the property was not and never had been necessary or proper for carrying on its legitimate business. The bank pleaded that its charter expired on December 31, 1898, and that since January 1, 1899, it had been in existence only for the purpose of winding up its business pursuant to section 561, Kentucky Statutes, which among other things provides that "when any corporation expires by the terms of the articles of incorporation, or by the voluntary act of its stockholders, it may hereafter continue to act for the purpose of closing up its business but for no other purpose, and it shall be the duty of the officers to settle up its affairs and business as speedily as possible." The bank showed that it had been making efforts to sell the property but had not been able to make a sale; that it was in good faith closing up its business

as directed by the statute, and that it had not otherwise done business since December 31, 1898.

The first question arising in the case is whether the property is liable to escheat because it has been held in this way by the bank for more than five years since its charter expired. The language of section 192 of the Constitution refers to corporations which are carrying on business. It forbids the corporation from holding any real estate except such as may be proper and necessary for carrying on its legitimate business for a longer period than five years. A corporation which is not carrying on business is not embraced in the language of the section naturally construed. The legitimate business of a corporation within the meaning of the Constitution is the business authorized by its charter, and when it has ceased to do business under the charter, it is no longer carrying on its legitimate business within the meaning of the Constitution, and property may not be escheated because it is held by the corporation more than five years while it is in process of liquidation. After it goes into liquidation, it holds the property simply as trustee for the stockholders. The stockholders are the real beneficiaries. They may at any time apply to a court of equity to have the trust carried out, and the property sold if the officers of the corporation unduly delay the settlement. All property owned by the corporation is proper and necessary to be held by it for carrying on the business of winding up the corporation and distributing the assets among the stockholders. We, therefore, conclude that the property cannot be escheated because it was held by the defunct corporation for more than five years next before the suit was brought.

It remains to inquire whether the property may be escheated now because it was held by the corporation from June 26, 1892, to December 31, 1898, a period of more than five years when it was not necessary or proper for the carrying on of its legitimate business. The allegations of time in a pleading are not material unless a matter of description. (Newman on Pleading, section 218a.) This was the rule at common law, and it has always been recognized under the Code. The right to escheat property is conferred by the Constitution, and under the facts shown, the State had the right to escheat this property on December 31, 1898; for the bank had then held it more than six and one-half years, when it was not necessary or

proper for the carrying on of its business. Has the State-lost the right it then had? Among other things section 2515, Kentucky Statutes, provides:

"An action upon a liability created by statute when no other time is fixed by the statute creating the liability * * * shall be commenced within five years next after the cause of action accrued."

Sections 2522 and 2523, Kentucky Statutes, provide:

"An action for relief not provided for in this or some other chapter, can only be commenced within ten years next after the cause of action accrued." (Kentucky Statutes, section 2522.)

"The limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision." (Section 2523, Kentucky Statutes.)

Section 192 of the Constitution is self executing. When property is held by a corporation in violation of that section for five years, the State's right of action accrues; and the fact that the State does not then sue does not operate to defeat or suspend the constitutional provision. The State may at any time sue and escheat the property if it has been held for five years next before the bringing of the action in violation of the Constitution; for if the corporation is a going concern, the continued holding of the property by the corporation in violation of the Constitution would make it still subject to escheat. It is a recurrent right, arising from a continuing wrong; it is not a liability created by the statute in favor of the State, but a right created by Constitution, and is not within the five years statute of limitation. The cause of action to escheat the property here in contest, however, accrued finally on December 31, 1898, when the corporation expired and ceased to do business. An action to escheat real property under the Constitution is not one for relief not provided for, which can only be commenced within ten years next after the cause of action accrued. It is an action to recover real estate, and is barred after 15 years under section 2505, Kentucky Statutes, when the charter of the corporation has expired. This action was brought within ten years after December 31, 1898, when the charter of the bank expired.

The right of action is in the State. By section 2971, Kentucky Statutes, the State has simply designated the Louisville School Board as the person to enforce its right of action. Construing section 2971, in Louisville School Board v. Chicago, et al., R. R. Co., 124 Ky., 510, this court said:

"The State has by this statute designated who should sue on its behalf to recover, and to what public purposes should be dedicated escheats in cities of the first class."

A suit brought by the Louisville School Board pursuant to the statute to escheat property is more a suit on a liability created by statute than a suit by the Attorney General or an escheator, if the State had authorized the escheat to be enforced in this way. The liability here is created by the Constitution. The State might have brought this action December 31, 1898, to escheat the property, and this right which it had on that day it may now enforce. This action was not, therefore, barred by limitation and the defendant cannot complain that it was not brought sooner.

The bank was created under a statute passed since 1856, and, therefore, its charter was subject to legislative control. The present Constitution was adopted in 1891. The bank took the deed to the property in contest in June, 1892, or nearly a year after the Constitution was adopted. No vested right is, therefore, involved in this case, nor does the constitutional provision impair the obligation of a contract.

The court did not err in refusing to allow Dearing, one of the stockholders of the bank, to intervene in the action, and defend in his own behalf. He set up no defense that the corporation had not set up; he was not a necessary party to the action, and he did not show there was any necessity for him to defend as that the corporation was refusing to defend, or incapable of defending.

The judgment on each appeal is affirmed.

The whole court sitting except JUDGE MILLER.