## Louisville Insurance Co. v. Commonwealth, et al.

(Decided February 21, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. **Escheat of Useless Lands Held by Corporation—Court Without Power to Deprive School Boards of Such Escheated Lands.—**Although it has been held by this court that the object of section 192, Constitution, in declaring that land owned by a corporation more than five years, and useless for carrying on its legitimate business, shall escheat; and of section 567-2971, Kentucky Statutes, in giving such escheated lands to the school board, is to prevent the retention by corporations in this State of a perpetual estate in such useless lands, rather than to enrich the State, or punish the offending corporation, it is not competent for the Circuit Court after adjudging the escheat of land so legally held by a corporation, to require it to be sold and turn over the proceeds, less the costs of the escheat proceedings, to the corporation.

2. The court can only ascertain and declare whether the property is subject to escheat, and upon adjudging the escheat, it is without jurisdiction to deprive the school board of the property escheated. As the statute declares it shall go to the school board, its loss to the corporation inevitably follows the judgment of escheat.

THUM & ROY, HUSTON QUIN and O'NEAL & O'NEAL for appellant.

LAWRENCE S. POSTON, JAMES C. POSTON, WALLACE A. McKAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought in the court below by appellees, Louisville School Board, and the Commonwealth of Kentucky for its use, against the appellant, Louisville Insurance Company, a corporation doing business in this State, to escheat certain real estate of which it is the owner, upon the ground that though owned by appellant more than five years, it was not at the date of the institution of the action, or at any time within five years next before that date, proper or necessary for carrying on its legitimate business. The real estate in question consists of lots 1, 2, 3 and 4, situated in Parkland, a suburb of the city of Louisville.

By the judgment of the circuit court lots 1, 3 and 4 were escheated, but lot 2 was declared not subject to escheat, because of its sale by appellant before the institution of the action. The Louisville Insurance Company has appealed from so much of the judgment as escheated lots 1, 3 and 4. Although appellees excepted to the refusal of the circuit court to escheat lot 2, they have failed to prosecute a cross appeal from that part of the judgment.

Notwithstanding the resistence interposed by its original answer to the escheat of its property, it is now conceded by appellant that lots 1, 3 and 4 were subject to escheat, but insisted that the circuit court should have complied with the request contained in its amended answer, that the property be sold and its proceeds, after satisfying therefrom the costs of the action and a reasonable fee to appellees' attorneys, be paid to it.

This contention is rested upon a theory thus stated in the brief of appellee's counsel, "after suit has been brought by the Commonwealth to escheat the property of a corporation unnecessarily held for more than five years, it is competent for the court, the corporation consenting, to adjudge a sale of the property, rather than escheat, and after payment of the costs, and law fees of the Commonwealth, to turn over the balance or proceeds to the corporation."

The novelty of this proposition appeals to our interest, but no authority has been cited to sustain it, nor has its soundness been demonstrated by the arguments urged in its support. Reduced to its last analysis, the argument of appellant's learned counsel is, that inasmuch as it was held in Louisville School Board v. King, 127 Ky., 824, the property therein involved could not be es-

cheated, though useless for carrying on the corporation's business and held by it more than five years, because of its sale and conveyance by the corporation before suit by the State to effect the escheat, on principle and by analogy a court of equity, in which an action is brought to escheat useless property of a corporation then and for more than five years illegally held, has jurisdiction, after declaring it subject to escheat, to refuse to escheat it, and to order it sold and direct the payment of its proceeds, less costs of the action, including a reasonable fee to the plaintiff's attorney, to the offending corporation, if such disposition of the property be requested or consented to of record by the latter.

It is further argued that to so dispose of the property would meet the requirements of section 192 of the Constitution, and sections 567-2971, Kentucky Statutes, and conform to the interpretation given them in Louisville School Board v. King, supra, in the opinion of which it is declared that the purpose of the law, as expressed in the provisions of the Constitution and Statutes referred to, is not to enrich the State, nor punish the offending corporation, but to compel the latter, "after five years' holding thereof to relinquish title to lands not necessary to its legitimate business, and thereby prevent the retention by it of a 'perpetual estate' in the lands."

The opinion in the King case also declares that a corporation owning real estate in Kentucky, though the Constitution and Statutes forbid it, holds the title which is valid, except as against the State alone, until invalidated in a direct proceeding by the State for that purpose. Furthermore, that whether a demand of an escheat of property by the State is based on the ground of alienage, defect of heirs, failure of kindred, or on the ground that it is held by a corporation in contravention of law, the property does not ipso facto escheat, there must be a judgment declaring the escheat before the State or school board may rightfully take possession thereof, though the property be vacant.

The King case was unlike the one at bar. While it involved an interpretation of section 192, Constitution, and section 2971, Kentucky Statutes, the real estate claimed to be subject to escheat was not, when the school board attempted to escheat it, owned by the corporation against which the escheat proceeding was instituted, but had been sold and conveyed by it to a bona fide purchaser for value nearly two years before, and after it

had owned it more than five years. Although the real estate was useless to the corporation during its holding of it, as the State delayed its escheat proceeding until after it had legally been disposed of by the corporation, the court was compelled to hold that the property could not be escheated, for it was not then in the hands of the offending corporation, having, as stated, passed by sale to an innocent purchaser and in a way that satisfied the requirements of the law.

In the case at bar no such facts appear; on the contrary, all the real estate claimed to be subject to escheat, save a single lot, was owned by the appellant corporation at the time the action to escheat was instituted. The case is, in point of fact, strikingly like that of the German Insurance Company v. Commonwealth, 141 Ky., 606, by which its decision must be controlled; and analogous to those of the Louisville Banking Co. v. Commonwealth, 142 Ky., 690; and First National Bank of Elizabethtown v. Commonwealth, 143 Ky., 816.

To permit appellant to retain the proceeds of the lots, less the appellees' costs and attorneys' fee, after adjudging the escheat, would be to violate both the Constitution and the Statutes, the first of which declares that the property shall escheat, and the latter that the school board shall be the beneficiary of the judgment of escheat. It is only the province of the judiciary to interpret, apply and administer the law, and we could not divert the property escheated or its proceeds from the school board, by disposing of it as requested by appellant, without encroaching upon the power of the legislative department of the State government, which is as great in its field of operation as is that of the judiciary in its department.

The language of section 192, Constitution, interprets itself when it says:

"Nor shall it (the corporation) hold any real estate, except such as may be proper and necessary for carrying on its legitimate business, for a longer period than five years, under penalty of escheat."

In the sense in which it is used in the foregoing provision of the organic law of the State the word "escheat" can have but one meaning, which is that the land escheated shall by that act revert, or fall back to the State, or an instrumentality of its choosing, such as the school board. As said in Louisville School Board v. C., St. L. & N. O. R. R. Co., 124 Ky., 507:

"The Legislature may enlarge the legal meaning of a word of former limited meaning. The term of escheat may, therefore, be properly applied to any state of case which the Constitution or Legislature of the State may declare is a just and proper exercise of the latter's police power."

Notwithstanding its holding of the real estate escheated more than five years, appellant might at any time before the institution by appellees of this action have protected it against escheat by a bona fide sale thereof to a purchaser for value, but having failed to do so, it will not be allowed, after the escheat is declared, to escape the consequences of its violation of the law in illegally holding the property, by offering to pay the costs of the action, if permitted to sell the property and retain the proceeds.

Such a state of case as is here presented was in the mind of the court when it said in the opinion of Louisville School Board v. King, supra:

"Neither by the Constitution nor the statute is it declared that the corporation shall be divested of, or the State vested with the title to such useless lands immediately upon the expiration of the five year period. Nor does either contain any prohibition against the sale or conveyance by the corporation after that date. The absence, however, of such a restriction is not inconsistent with the right of the State to claim an escheat of the property at the end of the five years. It may upon the expiration of that period immediately take steps to enforce its right to the property and thereby defeat any subsequent attempt at a sale and conveyance of it by the corporation."

Manifestly, nothing short of deprivation of the useless property can be expected by the corporation, if it violates the law by holding it more than five years and until suit to escheat it is instituted.

The statute is as emphatic in its provisions that the school board shall be the beneficiary of the judgment of escheat, as is section 192 of the Constitution, that deprivation of the property shall be the penalty for the illegal holding of it by the corporation, prohibited by its provisions.

The purpose of the penalty of escheat is two fold: First, it is an incentive to the corporation to sell its useless land within the five year period, without which it would not be diligent in disposing of them, and might

not do so at all; second, it is also an incentive to the school board to be diligent in discovering what corporations are illegally holding lands.

To allow the offending corporation to retain the land or its proceeds, following its escheatal, upon payment of the costs of the action, would be to remove or mitigate the penalty and condone the offense, which the courts are without power to do. When the escheat is adjudged, the corporation's deprivation of the property escheated must inevitably follow, and it automatically falls to the school board. The statute so disposes of it and the courts can not divert it from its course.

The judgment of the circuit court being in accord with the conclusion we have expressed, it is affirmed.