# King Construction Company, et al. v. Mary Helen Coal Corporation.

(Decided April 14, 1922.)

## Appeal from Harlan Circuit Court.

1. Appearance—Authority of Attorney to Enter Appearance of Client—Waiver of Notice or Process.—An employed attorney has authority to enter the appearance of his client to any motion, step or pleading filed in the cause and to waive the service of notice or of process upon the client, and the entry of such appearance by an attorney will be prima facie evidence of his employment and of his authority to do so. But such authority and presumption will not arise from the mere fact of a general retainer of the attorney by the one whom he professes to represent, but only in cases where the employment of the attorney relates to the particular matter involved, unless perhaps where the general retainer is broad enough to cover all litigation of the client. In neither case, however, has the attorney the authority to enter such appearance when in doing so it conflicts with his personal and private interest. In that case the attempted entry of appearance would be against public policy and void and not binding on the client unless he subsequently ratified it.

2. Equity—Jurisdiction to Enjoin Collection of Judgment—Appearance.—Equity has jurisdiction to enjoin the collection of a judgment and to set it aside as void when it was obtained by an unlawful entry of appearance of the defendant therein by an attorney having no authority to do so, and it was not thereafter ratified.

ZEB A. STEWART and ARTHUR E. HOPKINS for appellants.

J. E. SAMPSON for appellee.

## Opinion of the Court by Judge Thomas—Affirming.

This action was instituted in the Harlan circuit court by appellee and plaintiff below, Mary Helen Coal Corporation, against the appellants and defendants below, King Construction Company and A. H. Howard, sheriff of Harlan county, to enjoin the collection of a judgment rendered by that court on August 13, 1919, in favor of defendant construction company against plaintiff herein for the sum of $850.00 interest and cost, and to obtain a new trial of the action in which the judgment was rendered. The court granted the relief prayed for and complaining of that judgment defendants have appealed.

The facts relating to the obtention of the judgment sought to be enjoined are that on November 15, 1917, the

plaintiff herein (to which we shall hereafter refer as the coal corporation) entered into a contract with the defendant, King Construction Company (to which we shall hereafter refer as the construction company), to do some grading work for about one mile of spur track leading from the railroad to the coal company's mine, which contract was in writing and it provided that the work would be done for actual cost plus 15% thereof for profits to the construction company. Shortly thereafter the work was begun pursuant to the contract, but differences arose between the contracting parties and on April 26, 1918, a rescinding contract was entered into by the terms of which all matters growing out of the original contract were settled and adjusted, and the construction company surrendered all future rights thereunder and ceased further operations. The land or a portion thereof over which the spur track ran was owned by W. F. Hall and F. F. Cawood, and on September 13, 1918, they filed suit in the Harlan circuit court against the construction company to recover $600.00 damages to their land which they alleged were produced by its negligent acts while engaged in grading the spur track for the coal corporation by which large quantities of dirt and rock were thrown upon their lands and certain building material thereon was damaged and injured. The construction company answered that petition and in a second paragraph made its answer a cross petition against the coal corporation in which it alleged that under its contract with the cross defendant the latter was liable to it for the damages sought to be recovered by Hall and Cawood, and it asked judgment against the cross defendant for any sum which plaintiffs in that action might recover against it. It also alleged that during its work in grading the spur track it became necessary for it to have the services of an attorney, which it procured at a cost of $250.00, and that it was a part of the cost of the construction which it was entitled to recover against the coal corporation.

Immediately upon the filing of that answer and cross petition, one of the plaintiffs in the case, W. F. Hall, purporting to act as attorney for the coal corporation, entered its appearance to the cross petition. The order of the court recites " and the cross defendant, Mary Helen Coal Corporation, by its counsel W. F. Hall thereupon entered the appearance of the said cross defendant to this action and waived service of summons on said

cross petition." The date of that order, which was the day on which the answer was filed, was January 8, 1919. On the 13th of August thereafter the case was tried without any responsive pleadings being filed or any issue made by the coal corporation (defendant in the cross petition), and the court peremptorily instructed the jury to return a verdict for the construction company on its cross petition for whatever sum they found against it in favor of Hall and Cawood, and "in addition thereto the sum of $250.00 attorney fee paid by the King Construction Company to its lawyer,"

The jury returned a verdict in favor of plaintiffs therein against the construction company for $600.00 and in favor of the latter company against the coal corporation for $850.00, upon which judgment was rendered, and which is the same that is sought to be set aside and its collection enjoined in this proceeding. Various authorized grounds for the relief sought are alleged and relied on, but we deem it necessary to consider only the one question, the authority of Hall to enter the appearance of the coal corporation (plaintiff herein) to the cross petition of the construction company in the action of Hall and Cawood against it.

The rule appears to be quite universal, if not entirely so, that employed counsel has the authority to enter the appearance of his client to any pleading or proceeding that may be filed or taken in the case and to waive the prescribed formalities of service of process, and it is likewise the rule that the authority of the attorney to make such entry will be presumed and the burden is upon the alleged client to disprove it. 6 Corpus Juris, 631 and 644; 2 R. C. L. 980; Duff v. Combs, 132 Ky. 710; Bourbon Stock Yards v. Louisville, 23 Ky. L. R. 420, and L. & N. Ry. Co. v. Newsome, 13 Ky. L. R. 174. But the rule furthermore seems to be that the employment of an attorney under a contract of general retainer only will not empower or authorize him to enter the appearance of his client to any particular suit or proceeding. Such authority issues from an actual or presumed employment of the attorney in the particular suit or matter in which the appearance is entered. The evidence in this case shows, at most, only a general retainer of W. F. Hall as counsel and attorney for the coal corporation. There is no pretense of any specific employment of him to represent it in the litigation in which the judgment attacked was rendered. But, be this as it may, the rule is universal

and without exception that neither the acts of an attorney nor any other agent will bind the client or principal, without ratification, where the attorney or agent is personally interested in the subject matter involved, or where there exists a conflict between the interests of the client or principal and that of the attorney or agent. The rule is but the outgrowth of the eminently just and fair doctrine relating to the good faith obligation which the attorney or agent owes to his client or principal.

The general doctrine is thus stated in 21 R. C. L. 825: "The employe is duty bound not to act in antagonism or opposition to the interests of the employer. Everyone—whether designated agent, trustee, servant or what not—who is under contract or other legal obligation to represent or act for another in any particular business or line of business or for any valuable purpose must be loyal and faithful to the interest of such other in respect to such business or purpose. He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law." And as applied to the relationship of attorney and client, vol. 2 of the same work on page 973 says: "The well established rule of law that, unless with the free and intelligent consent of his principal, given after full knowledge of all the facts and circumstances, an agent can not in the same transaction act both for his principal and for the adverse party, applies to the relation of attorney and client, with some exceptions, and an attorney at law who has once been retained, and received the confidence of a client, is thereafter disqualified from acting for any other person adversely interested in the same general matter, however slight such adverse interest may be. Nor does it matter that the intention and motive of the attorney are honest. This rule is a rigid one and designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interests which he should alone represent."

This court, in the case of Ball v. Poor, 81 Ky. 26, adopted and applied the principles of the quoted texts. In that case the defendant executed written power to plaintiff's attorney authorizing the latter to enter her

appearance to the petition before it was filed, and a similar one to enter her appearance to a cross petition after it was filed. Under the statute it was held that the first authorization did not comply with the statute upon the subject and was void, which rendered the judgment pronounced upon the entry of the appearance to the petition by plaintiff's attorney void, because it was executed before the petition was filed. But it was further held that the authority for plaintiff's attorney to enter the appearance to the cross petition was not void for that reason, it having been executed after the pleading was filed; but notwithstanding that fact the judgment pronounced upon the cross petition was held to be void because the entry of defendant's appearance by the plaintiff's attorney was void as against public policy, the court saying: "But with or without proof of the execution of the powers of attorney, in this case it was error in the chancellor to permit the attorney for the plaintiff to enter the appearance of appellant. For, in view of the duties and responsibilities of an attorney at law, and his relation to his client, no act of his for or in the name of a litigant he is employed against in an action should ever be treated as valid and binding for any purpose whatever. The attorney in this instance may have acted in good faith, and the powers of attorney may have been freely and intelligently executed by appellant, nevertheless, such a practice is so obviously against public policy, and affords such facilities for fraud and oppression, that it ought not to be tolerated."

If the attorney for a plaintiff may not enter the appearance of a defendant to any pleading in the cause, because against public policy, *a fortiori*, would it be against public policy for one who was both plaintiff and attorney to enter such appearance. In this case W. F. Hall was interested in collecting from the construction company whatever judgment he and Cawood recovered against it. It was a non-resident corporation and an attachment was obtained at the beginning of the suit. If it obtained a judgment against the coal corporation there would then be still further assets which might be subjected to the payment of that judgment. His interest, therefore, was directly in conflict with that of the coal corporation whose appearance he professed to enter to the cross petition of the construction company, and his act in so doing was against public policy and void, which fact was necessarily known to the construction company

which was a party to the suit and possessed knowledge of the interest of W. F. Hall therein.

But it is insisted that Hall at the time he attempted to act on behalf of the coal corporation in entering its appearance was its designated agent in this state as required by section 571 of the statutes, and that he therefore had the right and authority to waive the service of summons and enter plaintiff's appearance. Independently of any conflict of interest to which we have alluded, we doubt this proposition seriously. But, whether without such antagonistic interest, an agent so designated may enter the appearance of his principal in a legal proceeding we need not determine, since it is patent that the conflicting and antagonistic interest manifested here destroyed and nullified any such authority if it did otherwise exist.

It is again insisted that plaintiff, coal corporation, on July 15, 1919, was notified by Hall concerning his action in entering its appearance to the cross petition of the construction company and that it ratified his act by failing to appear and make defense. But we find ourselves unable to agree with this contention. In the first place the letter of Hall in which such notification, if any, is contained neither expressly nor impliedly stated that he *had* entered such appearance, nor is there anything in the letter remotely intimating that he had done so. The letter in question was one in which the firm of Hall and Jones withdrew ''from further representing Mary Helen Coal Corporation in any matter of business, in the courts or otherwise,'' and in it it was stated that ''Mary Helen Coal Corporation has two suits that need attention,'' one of which, as therein named, was the case of Hall and Cawood v. King Construction Company. At that time no process had ever issued on the cross petition, nor did the coal corporation have any notice that it was even a party to that suit, though its appearance thereto had been entered by Hall more than six months, who, in the mean time, made no effort to take any steps toward defending the interests of the client for whom he had waived the issuing and service of process. The coal corporation might very properly have concluded from the letter of Hall that it would in due time be served with process after which it could appear and defend, and it is quite apparent that the full extent of the attorney's duty was to apprise the coal corporation of the fact that he had at least attempted to enter its appearance in the suit in

which he was one of the plaintiffs. But beyond all this, however, if the entry of the appearance by Hall, under the circumstances, was void, as we have seen, the coal corporation was not bound thereby and it was not incumbent upon it to take steps to defend for want of jurisdiction of its person, since the void entry of appearance could have no greater effect than no entry whatever.

That a court of equity may relieve against a judgment obtained under the circumstances here involved is thoroughly settled. 3 Cyc. 532; 2 R. C. L., *supra*, 984-985; note to the case of Bunton v. Lyford, 75 Am. Decisions on pages 146-147, and note to the case of Little Rock, etc. Railroad Co. v. Wells, 54 Am. St. Rep., on pages 246-247.

What has been said dispenses with the necessity of determining the merits of the claims of the construction company for which the judgment was rendered in its favor against the coal corporation. But, we deem it not improper to say that, according to the showing made in the present record, no liability is proven against the coal corporation for either of the items composing the judgment against it. As between it and its contractor, the construction company, it was under no obligation to compensate that company for losses growing out of its negligence, and there is nothing in the contract under which it was employed obligating the coal corporation to do so. Neither is there anything in the contract, nor in any testimony in the case, which would include in the cost of construction the attorney's fee sought to be recovered, and this conclusion is reached independently of the contract of April 26, 1918, by the terms of which "the balance due for work and *all other considerations* relating to the contract" were settled and adjusted.

Finding no error in the judgment, it is accordingly affirmed.