## Commonwealth ex rel. Attorney General v. Tamer et al.

Feb. 23, 1943.

358

Hubert Meredith, Attorney General, and E. P. Nicholson, Jr., and Robert J. Watson for appellant.

Garfield R. Drinnon and Henry L. Bryant for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

In August, 1941, there was filed in the Bell circuit court a petition in the name of the "Commonwealth of Kentucky," alleging that Tamer held title by deed to a block of property in Middlesboro, which he had held for more than twenty-one years. The petition signed by the Attorney General sought to escheat the block on the ground that when it was acquired Tamer was an alien, and had not, before or since, become a citizen of the United States, and that he and his wife were residents of Syria, non-residents of Kentucky and the United States.

Warning order attorney, with counsel for Tamer at a succeeding term of court, filed special demurrer, which the court sustained. Plaintiff amended by alleging that the suit would be prosecuted "on relation of the Attorney General, for the use and benefit of the Middlesboro Board of Education." The demurrer was extended to the petition as amended and sustained; plaintiff declining to plead further the petition was dismissed with appeal. Appellees contend that the court correctly ruled, because (1) there is no statute directing the Attorney General to institute a suit to escheat; (2) Section 4399-56, Ky. Stats., 162.040, KRS designates the exclusive agency to prosecute such suits. The statute reads:

> "So much property in each school district as from any cause shall escheat to the Commonwealth of Kentucky, shall vest in the board [of education] for

the use and benefit of the public schools in said district. Said board may, in the name of the Commonwealth, for the use and benefit of the said schools, by its chairman or other officer to be designated by it, enter upon and take possession of said property, or sue for and recover the same by action at law or in equity * * * 1934, C. 65, Art. V, Section 50. Eff. June 14, 1934.''

Sections 334 et seq., Ky. Stats., 381.290 et seq., KRS, dealing with property rights of aliens do not provide by whom or in what manner escheat suits should be maintained. Section 1606, Ky. Stats., 393.020, KRS, et seq., providing for an escheator, limit his activities to suits maintainable under their provisions which do not relate to escheat of property held by aliens. In Ripley v. Von Zedwitz, 201 Ky. 513, 256 S. W. 1106, we analyzed the expatriation and alien laws, and pointed out that the property of an alien held contrary to the act was to be escheated under the common law. We found the act to be an enabling rather than disabling law, fixing terms under which aliens might hold.

By reference to older cases we observe that statutes of similar import have been held to grant the board the power. Commonwealth for use of Louisville School Board v. Chicago, St. L. & N. O. R. Co., 124 Ky. 497, 99 S. W. 596; Louisville School Board v. King, 127 Ky. 824, 107 S. W. 247, 15 L. R. A., N. S., 379; Louisville Banking Co., et al. v. Commonwealth, 142 Ky. 690, 134 S. W. 1142, but in none of these was the question raised as to exclusive right. In the Railroad case, supra (124 Ky. 497, 99 S. W. 596) the question as to the Board's capacity was raised by special demurrer, based on the ground that it was the duty of an escheator to maintain the suit. We were there construing Section 2971, Ky. Stats., 1903, which in effect was and is the same as the one in question which had repealed all similar statutes.

On the authority of the cases cited, it must be conceded that the Board had the power to institute the suit in ''the name of the Commonwealth,'' so provided in the statute, perhaps because the Commonwealth of Kentucky is deemed to have possessed the original and has the ultimate property in and to all the lands within her boundaries, Ky. Stats., Section 2337, 381.010, KRS, and we find no instance where suit was for the use of schools to which the Commonwealth was not a party.

Appellant does not stand on the proposition that the Board had the sole power to sue for possession, but takes the further position that by the use of the word "may" in the statute, the Commonwealth by the Attorney General, also had the right to institute and prosecute the suit. As stated, this question was not presented in cases cited, and it is not necessary here to decide it.

The special demurrer was based on the ground that the "petition shows that the plaintiff has not the legal capacity to sue, and it is not being prosecuted by the proper officer." The style of the suit now is the "Commonwealth of Kentucky on relation of the Attorney General for the use and benefit of the Board of Education of Middlesboro." The relief sought is the escheat of property, which by the statute may vest in the Board of Education. While the Board is the party seeking relief, the Commonwealth is present because of the apparent necessity for its presence, and it may be gathered that the Attorney General merely lent his name, and the use of the name of the Commonwealth.

A special demurrer would not lie on the grounds stated. Analysis of the demurrer and argument in briefs show the chief objection to be that the court had no jurisdiction, because the suit is not prosecuted by a proper plaintiff, and lack of attorney's authority. Section 92 of the Civil Code of Practice defines special demurrer as an objection to a pleading which shows lack of jurisdiction; plaintiff is without capacity to sue; defect of parties.

The rule is that such objectionable grounds merely being pointed out in the dilatory plea will not suffice if they be not apparent on a survey of the petition. Webb v. Kersey, 255 Ky. 217, 73 S. W. (2d) 4, and cases cited. There was nothing here to show lack of jurisdiction of subject matter or parties. The objection boils down to the proposition that the Attorney General, lacking authority, instituted the suit in the name of the Commonwealth, and the assertion that the action was not brought by the Board or at its instance and request.

The latter objection cannot be raised by special demurrer. The presumption is that those who filed the petition had authority as well to prosecute the action. King Construction Co. v. Mary Helen Coal Corporation, 194 Ky. 435, 239 S. W. 799. If there be doubt the defend-

ant may by motion supported by affidavit challenge the authority of counsel. Com. v. Roberta Coal Co., 186 Ky. 394, 216 S. W. 584; Chesapeake & O. R. Co. v. Com., 189 Ky. 465, 225 S. W. 145; Arrington v. Sizemore, 241 Ky. 171, 43 S. W. (2d) 699. Such a motion was made and supported by affidavit, but not passed on.

It may be assumed that if the Board did not properly authorize the suit, it would be dismissed on proper motion; also that unless there had been request of the Attorney General to lend his name and that of the Commonwealth, he with other counsel, would not have filed the suit. While the Commonwealth and the Attorney General are interested in seeing schools prosper, it cannot be conceived that either the State or its chief law officer is particularly interested in taking the property of an alien unless there exists ample grounds for the movement. The same may be said of the Board of Education.

We are of the opinion that the court erroneously sustained the special demurrer and dismissed the petition. As the record is, there is still before the court challenge to authority. The judgment is reversed for consistent proceedings.