Opinion of the Court.
Gray, claiming title to a piece of ground in the town of Louisville, commenced erecting thereon a wall for the purpose of building a ware-house.
The trustees of the town, having by their by-laws, imposed penalties on such persons as might obstruct the streets, and contending that the wall which Gray was erecting, was in the street of the town, caused to be issued, from a justice of the peace, a warrant against Gray for obstructing the street, and finally recovered judgment for four dollars and costs.
Gray then exhibited his bill in equity, against the trustees, for the purpose of enjoining the judgment of the justice, and to be quieted in the possession of the building he was erecting.
On application to a circuit judge, an injunction was awarded Gray against the judgment, and on a final hearing of the cause, a decree was pronounced, perpetuating the injunction, and quieting Gray's possession. From that decree the trustees appealed.
In reviewing the decree of the court below, it is proper we should examine the validity of the title asserted by Gray, to the ground on which he commenced erecting the building. This examination is material, not only because the trustees contest Gray's title, but because, if he has no title, Gray can have shewn no just cause for resorting to a court of equity for relief.
1. It was even contended in argument, that admitting Gray to have title, he should have established his right in an action at law, before a court of equity can take cognizance of his case.
Were his title admitted, however, we should have little difficulty in entertaining jurisdiction of Gray's bill. Upon such an admission, we should take jurisdiction upon the ground of its being proper to quiet him, in the possession of his title. We know, bills of that character, have always been received by courts of equity with great caution ; and in some cases it has been said, that the plaintiff ought to establish his right by a determination of a court of law in his favor, before *148 he files his bill—2 Atki. 484. But such a determination at law, is not necessary in all cases. It may happen, that the person having title and in possession, may be disturbed in the enjoyment of the possession, and yet not so dispossessed or interrupted as to enable, him to have his right determined in an action at law ; and it has been held that in such a case, a bill may be brought, before the right is established at law.—Mitford’s Plead. 128, 129. 1 Atkins, 284. Pre. Chan. 531.
Such a bill will he against the trustees of a town, with an injunction prohibiting them from collecting a penalty which they had recovered, although it was less than five pounds, and was recovered before a justice of the peace.
A person deriving title in virtue of the act of 1800, under an alien, claiming by descent, must show, on the trial, that such alien was two years in the country previous to the death of the ancestor.
*148 If, therefore. Gray has title, it would, under the circumstances of the present case, be peculiarly proper to entertain jurisdiction of his bill ; for he has been neither so dispossessed or interrupted in the possession, as to enable him to have his right tried at law; but by the proceedings of the trustees, he has been, and is still like to be, so disturbed in the possession, as to call emphatically for a bill of repose.
To enable the court, however, to extend relief to Gray, it is not enough that he is in possession ; it is essential that his possession should be connected with a legal or equitable title. If he has no title, he can have no claim on the conscience or justice of a court of equity. For a violence committed on his possession by a person having no title, he might sustain an action at law ; but we know of no case, and can perceive no principle, which can warrant the interposition of a court of equity, by giving relief to a complainant possessing no title.
Without the production of written evidence of a regular title from the commonwealth, it might be proper, under peculiar circumstances, for a court of equity to protect a long continued possession ; but to enable the court to do so, the possession should appear to have been continued so long, as to form, in itself, convincing evidence of the person possessed having title ; but in the present case, the possession of Gray, and those under whom he claims, is not of that character.
2. Gray’s right to resort to a court of equity, must, therefore, depend upon other evidence of title, than that which results from his possession, and to an examination of that evidence, the attention of the court will next be directed.
Gray claims to derive title under a deed made in 1787, by the trustees of Louisville to John Campbell. The will of John Campbell, made in 1786, devising *149 his lands to Allen Campbell; and a codicil attached thereto by John Campbell, in 1791 ; the deed of Sarah Beard, as heiress to Allen and Robert Campbell, made in 1806, to Fortunatus Gosby ; the deed of Gosby to Todd ; the deed of Todd to Saunders, and the deed of Saunders to Gray.
On the part of the trustees, it is contended, that Gray is not within the boundaries described in the deed of the trustees to John Campbell. But before we examine what land is comprehended by the deed, we will enquire whether or not the title which was conveyed by the trustees to Campbell, has since passed to Gray. If at the date of her conveyance to Cosby, Sarah Beard possessed the title, there is no question but the title has since passed to Gray ; for there is exhihited in the record, a regular chain of conveyances, from Sarah Beard down to Gray, and through these conveyances, Gray must be admitted to have acquired all of Sarah Beard’s title.
In examining the title claimed by Sarah Beard, it cannot be material whether or not, the title which John Campbell acquired from the trustees, passed by his will and the codicil thereto annexed. Conceding the fact to be, that either Robert or Allen Campbell had become invested with John Campbell’s title, it is impossible, from any thing contained in this record, to say, that on their death, the title descended on Sarah Beard. She is proved to be the next of kin to Robert and Allen Campbell, and under the law regulating the course of descents in this country, would have inherited the title, if she had laboured under no incapacity, to take by descent at the time of their death; but from the will of John Campbell, she appears to have been an alien, and according to the settled doctrine of the common law, aliens are incapable of inheriting lands. A distinction exists between the case of a purchase and that of a descent. In the former case, the title passes to the alien, but upon office found it vests in the commonwealth ; but in the latter case, the alien cannot take the title ; and on the death of the ancestor, the title, immediately, an without office found, is cast on the commonwealth—Bac. Abr. title Aliens, C. 134; Co. Lit. 2 b.
But both Robert and Allen Campbell are proved to have departed this life, subsequent to the 18th of *150 December, 1800, and by an act of the legislature of the country, of that date, the doctrine of the law in relation to claims, has undergone a change. That act provides, “ that any alien, other than alien enemies, who shall have actually resided within this commonwealth two years, shall, during the continuance of his residence herein, after the said period, be enabled to hold, receive and pass, any right, title or interest, to any lands or other estate known within this commonwealth, in the same manner and under the same regulations, as the citizens of this state may lawfully do—2 Litt. 399.
1 Dig. 80.
According to the fair import of the language employed in this act, Sarah Beard, although an alien, might have taken the title by descent, if she had actually resided in this country two years previous to the death of her brothers. Robert and Allen Campbell. But the record in this case furnishes no evidence of such a residence ; it is not even proved that she was ever in this country, previous to the death of her brothers. At the date of John Campbell’s will, she appears not to have been within the United States ; and the only evidence of her being at any time, within this state, it contained in her acknowledgement of the deed to Cosby ; but that must have been subsequent to the death of her brothers.
Under such a state of evidence, therefore Sarah Beard, cannot be admitted to have inherited the title and consequently, Gray, through her conveyance to Cosby, can have acquired none.
It results, that the decree of the court below must be reversed with costs, the cause remanded to that courts and Gray’s bill dismissed with costs.