-Judge Nicholas
delivered the Opinion of the Court.
This-action of ejectment was brought, in 1819, on dem*ses *n t'le names of John Fry, Joshua Fry, Charles Vancoover, John Vaughan, Charles Vaughan and John Fiott. The land in contest ‘was patented the 15th of December, 1772, by the then governor of Virginia, to ■John Fry, in consideration of military services rendered under the governor’s proclamation of 1754 ; conveyed by Joshua Fry, his heir at law, to Vancoover, in 1792, hnd by him, to the Vaughans and Fiott, in 1793.
The land was settled on by Vancoover, in 1788, and the possession held by him, and those claiming under him, for a few years thereafter. Vancoover and Fiott were both natives of Great Britain, never naturalized in this couutry, and died in England prior to 1818. The patent to Fry stipulates for the payment, by him, of one shilling yearly for every fifty acres after the expiration of fifteen years, by way of rent, and also for the cultivation and improving of three acres, part of every *39 fifty acres of the tract, within three years from the date of the patent ; with a proviso, that if three years of the rent shall at any time be in arrear and unpaid, or if Fry and assigns' do not, within three-years then next ensuing, cultivate three acres, part of every fifty of the tract, then the estate, thereby granted, to cease and. determine, and that it should be lawful for the king to grant the same to other persons.
Quit rents,con-conditions S/-C. in grants of land from the crown of G. B. were abolished by an act of Va. of >77, and of Ky. of ’96: such grants are not affected by a failure to pay-such rents or comply v ith such conditions There .can be no recovery upon a demise in the name of one who was dead at the institution of the suit.
The conveyance to the Vaughans and Fiott, recites the payment of the whole of the consideration money by the latter, and stipulates that they shall hold in trust for him.
There was no proof1 that the conditions stipulated by the patent for improvement &c. had been complied with.
The defendants .claimed under a Kentucky patent of 1818, issued upon a survey and land office warrant.
Subsequent to the dereliction of the possession by those holding under Vancoover, there had been a possession of sixteen or seventeen years by persons neither having,or claiming title, and no way connected with the title of either of the parties to this controversy.
Upon an agreed case, which presented the foregoing facts, the circuit court rendered judgment in favor of the defendants, and .the plaintiffs appealed.
All objection to the title of the plaintiffs, on the score of non-improvement and non-payment of the quit rent, reserved by the patent, is answered by the ninth section of the Virginia act of 1777, 1 Litt. Laws, 391, abolishing quit rents, and the nineteenth section of the act of 1796, which abolishes all reservations and" conditions in the grants from the crown of Great Britain, and which declares no petition for lapsed land shajl be received for or on account of any failure or forfeiture made or incurred after the 29th of September, 1775.
As Fiott was dead at the institution of the suit, the recovery, if for any thing, must be restricted to the two thirds, which, by the deed from Vancoover, passed to the Vaughans, in trust for Fiott — the title to the other, third having passed, under the deed, to Fiott himself, > ■
A deed conveying the fee simple of land to the grantee, altho’ it contain a declaration that the graiitee’s name is only used in trust for another, nevertheless passes the legal title to him, and there can be no recovery, at law, in the name of the cestui que trust.
Lanás in this, state'flo not pass1 by desceitt to aliens, but vest in the co mm on-wealth, without' office found.
' Confession of lease, entry and ouster, super. sedes the neces'sity of proof of actual ouster— even where the def’t claims to hold as tenant in common with the pltf.
In ejectment, the declaration must be filed on the first day >f the term to which the notice is returnable. If filed afterwards, it is irregular, 8f the judgment subject to reversal.
*40 It was contended, in behalf of the defendants, that, the deed created such a use in favor of Fiott, in the whole tract, as was executed by the statute, and vested the whole title in him. We, however, do not think the deed susceptible of such an interpretation. It is precisely one of that character which the courts have uniformly construed not to fall \yithin the operation of the statute. It grants and conveys the land to the Vaughans and Fiott, to be held by them and their heirs, to their own proper use and behoof, with a declaration on the part of the Vaughans, that their names are used in trust only, and to and for the use of Fiott. The deed does not grant or create a use in favor of Fiott, but barely carries on its face the evidence of what would otherwise have been a mere resulting trust in his favor, as the payor of the purchase money.
This construction supersedes the necessity of going into the question of an alien’s right to maintain an action for the recovery of real estate. The trust here is such an one as a court of law cannot notice. In legal intendment, the Vaughans are the proprietors, as well as the legal title holders, of two thirds of the land.
The heirs of Fiott being aliens, as is admitted in the agreed case, the title to the third which he derived under the deed, did not descend to them, but vested in the commonwealth, without office found. This third, it is contended, passed by the patent of ISIS, to the defendants; that they thereby became tenants in common with the Vaughans, and there should have been, therefore, proof of an actual ouster. It is a sufficient answer to this position, that the defendants, on entering their appearance, not only confessed the ouster, but the agreed case admits they held the land adversely to the plaintiffs.
The result is that, the plaintiffs were entitled to a judgment for two thirds of the land in contest, and the judgment in bar of their action must be reversed.
But as, according to settled practice, when a judgment is reversed, we are bound to go back to the first error committed to the prejudice of either party, our attention has been called to an alleged error in the com *41 menceincnt of the suit, in failing to file the declaration on the first day of the term, to which the notice made it returnable. The defendants, before entering into the consent rule, moved to discharge the common order, and dismiss the suit, because the declaration had not been returned into court until the third day of the term. It has heretofore been determined that the declaration and notice in ejectment answer the purpose of process, and that, if not returned until the term after that to which they are returnable, it is a fatal defect to the whole proceeding, even after the service and confirmation of the common order. It has also been held, that a motion cannot be acted on at any subsequent day of a term, but is discontinued, unless it were noted of record on the day appointed by the notice. The same principle requires the proceeding in this case to be pronounced erroneous.
The judgment must be reversed, on the agreed case, and the cause remanded, with directions to dismiss the suit, for the irregularity referred to.