27,242.

GERTRUDE MOREHEAD, *Appellant,* v. F. L. MARTIN, and A.W. VINSON,
Sheriff of Pawnee County, *Appellees.*

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCES—*Evidence—Want of Consideration.* In an action
to enjoin the sheriff from selling a tract of land to satisfy a judgment against
plaintiff's grantor, the record examined and the evidence inherent in the
circumstances held sufficient to justify the trial court's conclusion that the
deed under which plaintiff claimed was invalid as against a creditor of plain-
tiff's grantor.

2. WILLS — *Conditions and Restrictions — Power of Disposition — Rights of
Creditors.* Where a testator devised a conditional life estate to his widow
(and executrix), with remainder to the testator's children, but provided that
the widow and executrix could sell and dispose of "any or all" of his estate
for the purpose of buying for herself "a home not exceeding 160 acres of land
and take the title in her own name and have the same absolutely," and the
widow and executrix purchased a fractional quarter of section of 150.78
acres pursuant thereto, but failed to pay the purchase price, the estate so
devised was not exempt from execution to satisfy a judgment in favor of
the vendor of the property for the purchase money.

Appeal from Pawnee district court; ROSCOE H. WILSON, judge. Opinion
filed June 11, 1927. Affirmed.

*William Keith,* of Wichita, for the appellant.
*James N. Farley,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action by plaintiff, Gertrude Morehead,
to restrain the sheriff from selling a quarter section of land on execu-
tion to satisfy a judgment in favor of defendant, F. L. Martin,
against plaintiff's sister, Mrs. May Peintner.

Plaintiff claimed to own the land under a deed from her sister,
dated June 1, 1920, and recorded four years later, July 10, 1924.
It recited a consideration of $12,800, but no such amount or any
other sum of money passed between the sisters in the transaction;
and it was the defendant Martin's contention that the deed was
fraudulently executed in a belated effort to defeat his right to subject
the land to the satisfaction of his judgment against Mrs. Peintner.

Fraudulent Conveyances, 27 C. J. pp. 821 n. 39, 822 n. 57.  Wills, 40 Cyc. pp.
2083 n. 30, 2086 n. 62.

Another claim of plaintiff was that even if the deed was ineffective to pass the legal title to her, the land was exempt from seizure and sale to satisfy Martin's judgment. A consideration of this point requires a statement at some length touching prior transactions between May Peintner and Martin, and also concerning her interest in the property. She was the widow of one Conrad Peintner, who died testate sometime prior to August 30, 1917. By the terms of his will, he devised a life estate in Mrs. Peintner upon condition that she should continue to nurse and take care of him in his sickness until his death, with power of disposition of all the devised property "for her maintenance and support," with remainder to the children of Conrad. The will also provided that no part of the estate should be appropriated to pay any debt of the defendant devisee accrued or existing at the time of the testator's death, and provided further—

"If my said wife desires, she may sell any or all of my property of which I die seized and for that purpose she may make all necessary deeds of conveyance. Out of the proceeds she may purchase her a home not exceeding 160 acres of land and take the title in her own name and have the same absolutely, or she may take a home from any property I own at the time of my death and hold the same absolutely as her own to sell and convey or use as she pleases."

Conrad's estate, so far as shown by this record, consisted of a half section of land (fractional south half of 18-23-15 W., in Pawnee county), and was heavily encumbered, and some time after Conrad's death it was subjected to foreclosure proceedings in the federal court. Mrs. Peintner, executrix, endeavored to sell part of the land (SW¼) to one Smith to satisfy claims against the estate of Conrad, and a price, $10,554.60, was agreed upon between Mrs. Peintner as executrix and Smith, but the latter declined to consummate the bargain because of objections to the title. Martin had been Conrad's attorney and was attorney for the executrix, and to assist the estate he offered to purchase the quarter section at the price Smith was to have paid, and eventually the property was conveyed to him for $10,854.60, all of which sum, except $922, was consumed in settling and paying off claims against Conrad's estate, and for that balance of $922 Martin gave his check to Mrs. Peintner. These transactions occurred about 1919, exact dates not shown.

Early in 1920 Mrs. Peintner conceived the notion that she would like to repurchase this quarter section of land (fractional SW¼, 18-23-15), and Martin being agreeable thereto the parties executed a

contract of purchase and sale whereby she was to receive a convey-
ance of the property for $12,000, of which $500 was paid in cash and
the balance was to be paid in thirty days. Mrs. Peintner recorded this
contract of purchase but failed to pay any part of her obligation
thereunder, and eventually Martin commenced an action to cancel
the contract. Issues were joined, and after a trial the court decreed
that Mrs. Peintner should elect whether she would affirm the contract
and submit to a judgment for the balance of the purchase price or
submit to a judgment canceling the contract and quieting Martin's
title. The judgment roll then recites:

"Whereupon the defendant elects and says that she prefers that the contract
shall be affirmed and judgment rendered the plaintiff for the' amount due
thereon."

Martin then presented his account for rents and profits received
from the land since the date of the contract of sale, and a credit of
$1,282.88 was given to Mrs. Peintner therefor, and judgment for the.
net remainder then due, $11,478.50, was entered against her; a lien
for its payment was imposed on.the land, which provided that in de-
fault of payment within sixty days execution should issue directing
the sheriff to sell the land subject to six months' redemption.

Upon the continued default of defendant, the land was sold on exe-
cution for $9,000, leaving a balance of $2,946.29 due on the judg-
ment; and this action is to enjoin the sheriff from selling the other
quarter section of the Peintner land now claimed by this plaintiff,
Gertrude Morehead, to satisfy the unpaid portion of the judgment
against Mrs. Peintner..

Issues were joined; the cause was tried by the court; plaintiff
adduced no evidence other than the deed itself to establish her alle-
gation of ownership. Defendants' evidence supplied the facts as
narrated above; and the trial court gave judgment for defendant,
which necessarily determined that the deed of June 1, 1920, from
Mrs. Peintner to plaintiff was invalid, and that the restrictions upon
alienation imposed by the will of Conrad Peintner did not protect
this tract of land from being subjected to the satisfaction of Martin's
judgment.

Plaintiff appeals, inveighing particularly against these conclusions
of the trial court and its judgment founded thereon.

Touching the first of these, the circumstances of the execution of
the deed—its being kept off the record, the want of any disclosed

Morehead v. Martin.

exercise of dominion over the property by plaintiff such as is usual in *bona fide* ownership, the want of any binding consideration for the conveyance—these and other incidental circumstances tended persuasively to convince the trial court that the conveyance was not genuine or indefeasible so far as concerned Mrs. Peintner's judgment creditors. The court discerns no error in this case so far as the judgment rests on this conclusion of fact.

Passing to the restrictions upon alienation imposed by the will of Conrad, it is to be noted that the land is not being subjected to execution to pay any indebtedness of May Peintner existing at the time of Conrad's death, nor to pay for necessaries provided for her maintenance and support. It is being subjected to the satisfaction of a judgment for a liability incurred by Mrs. Peintner in general conformity with the terms of the will. The will authorized her to purchase a home of not exceeding 160 acres of land and take title thereto in fee. The will authorized her to sell any or all of the devised property to accomplish that purpose. (See *Pearson v. Orcutt,* 106 Kan. 610, 189 Pac. 160.) Accordingly Mrs. Peintner did elect to buy and contracted to buy from Martin the southwest fractional quarter of section 18, township 23, range 15 west (150.70 acres), for $12,000; and after litigation over that contract of purchase and when given the opportunity by Martin and by the court to rescind that contract she elected in open court to affirm it and to subject herself to a judgment for the balance of the purchase price. The Conrad will gave her plenary power to sell any or all of the estate to buy herself a 160-acre home. She did buy it. No fair reading of that will would justify an interpretation that while May Peintner could sell all the estate to buy a 160-acre home, the sheriff cannot sell any of that estate to pay for the home she thus contracted to buy under the privileges expressly conferred upon her by the will.

The record contains no error and the judgment is affirmed.