No. 28,998.

MAY PEINTNER-UNRUH, *Appellant,* v. F. L. MARTIN et al., *Appellees.*

(284 Pac. 361.)

Opinion filed February 8, 1930.

*C. L. Foster,* of Sedgwick, for the appellant.

*Ben F. Hegler, A. V. Roberts, Roger P. Almond, Lawrence M. Walker,* all of Wichita, and *H. S. Rogers,* of Larned, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to quiet her title to certain real property in Pawnee county. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

Plaintiff claims title to the real property under the will of her former husband, Conrad Peintner, executed in 1914 and duly probated. The will contained the following provision:

"It is the purpose and intent of this will that whatever estate I may die seized of shall constitute a trust fund for the maintenance and support of my said wife as herein provided, but upon the condition that she shall continue to nurse and take care of me in my sickness until my death. I appoint my said wife executrix of my will, and after my estate has been administered, as trustee, to hold the said estate in trust for the purposes herein specified until the death of my wife, and no part of my estate shall be appropriated to the payment of any indebtedness of my said wife, May Peintner, which was accrued or existing at the time of my death, and may only be appropriated after my death for necessaries purchased or provided for her maintenance and support. My wife shall serve without bond. If my said wife desires, she may sell any or all of my property of which I shall die seized and for that purpose she may make all necessary deeds of conveyance. Out of the proceeds she may purchase her a home, not exceeding 160 acres of land, and take title in her own name and have the same absolutely, or she may take a home from any property I own at the time of my death and hold the same absolutely as her own to sell and convey or use as she pleases."

After the will was probated, and on November 14, 1921, judgment was rendered against the plaintiff in favor of the defendant, F. L. Martin, for $11,478.50. A part of that judgment was afterward

paid. Execution was issued on the unpaid portion of the judgment and levied on the land in controversy. That land was sold to the defendant, F. L. Martin, and a deed was thereafter executed to him by the sheriff of Pawnee county. On June 1, 1920, the plaintiff executed a warranty deed to her sister, Gertrude Moorehead, conveying the land in controversy to her and reciting a consideration of $12,800. That deed was recorded July 10, 1924. After the execution of the deed to her, Gertrude Moorehead commenced an action against the defendant, F. L. Martin, to quiet her title to the real property in controversy. In that action the plaintiff was denied relief, and judgment was rendered in favor of the defendant for costs. The pleadings, files and judgment in that action were introduced in evidence in the trial of the present case. That case was appealed to the supreme court, where the judgment was affirmed, June 11, 1927. (*Moorehead v. Martin*, 123 Kan. 612, 256 Pac. 1010.) In July, 1927, the plaintiff moved onto the land in question to occupy it as her home under the provisions of the will. She did not occupy any other land as her home. This action was commenced July 14, 1928. The record does not disclose any conveyance from Gertrude Moorehead to the plaintiff.

To defeat the action the defendants rely on the fact that the plaintiff is not the holder of the record title of the land and does not show any equitable title thereto. They also argue that the judgment in *Moorehead v. Martin* is *res adjudicata* as to the plaintiff in this action.

The following language is found in 32 Cyc. 1329:

"It is well settled that one in possession of realty, without having legal or equitable title thereto, may not sue to quiet title or remove a cloud thereon."

That rule is supported by *Northrop v. Andrews*, 39 Kan. 567, 18 Pac. 510; 1 Merwine's Trial of Title to Land, § 1181; 21 Standard Proc. 1012; *City of San Diego v. Allison*, 46 Cal. 162; *West Coast Lumber Co. v. Griffin*, 54 Fla. 621; *Trustees of Louisville v. Gray*, 11 Ky. 146; *Jackson v. LaMoure County*, 1 N. Dak. 238; *Lewis et al. v. Clements*, 21 Okla. 167; *Moore v. Halliday*, 43 Ore. 243; *Hawkinberry v. Metz and Metz*, 91 W. Va. 637.

Before the action of *Moorehead v. Martin*, supra, was begun, the plaintiff had, by warranty deed, placed her title to the land in her sister, Gertrude Moorehead, who with that title prosecuted the action against F. L. Martin to quiet her title in and to the real prop-

erty. That action was determined against Gertrude Moorehead and in favor of Martin. If the plaintiff had retained any title in and to the real property it was concluded by that litigation. If the plaintiff did not retain any title when the deed to Gertrude Moorehead was executed she cannot now acquire title from Gertrude Moorehead without taking it subject to the judgment in *Moorehead v. Martin.*

The judgment is affirmed.

HARVEY, J., dissenting.