**RIPLEY et al. v. SUTHERLAND, Alien Property Custodian, et al.**

**No. 4924.**

Court of Appeals of District of Columbia.

Argued March 7, 1930.

Decided April 7, 1930.

C. C. Calhoun, Walter C. Balderston, and M. Carter Hall, all of Washington, D. C., and James P. Gregory, of Louisville, Ky., for appellants.

Thos. E. Rhodes, Charles Henry Butler, and John A. Kratz, all of Washington, D. C., and George L. Shearer, of New York City, for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District sustaining a motion to dismiss the bill filed by the next of kin of Baroness Mary Eliza Caldwell von Zedtwitz, except her son, Waldemar Conrad von Zedtwitz. The bill was filed under section 9 of the Trading with the Enemy Act (40 Stat. 411, 419), as amended by the act of June 5, 1920 (41 Stat. 977), 50 USCA Appendix § 9.

Under the will of Baroness von Zedtwitz real estate in Kentucky, New York, and Rhode Island was devised to her son, Waldemar Conrad von Zedtwitz, an alien, and during the World War an enemy of the United States. Von Zedtwitz v. Sutherland, 58 App. D. C. 153, 26 F.(2d) 525. The Alien Property Custodian seized this property. Thereafter, on January 9, 1922, this suit was instituted to recover the real estate and proceeds.

In February, 1922, the present appellant Garnett D. Ripley, "and others," filed suit in the Jefferson circuit court of Kentucky, chancery division, against Waldemar Conrad von Zedtwitz et al., to recover the real estate in Kentucky devised to him under the will of his mother. The trial court sustained the demurrer to the petition. On appeal the Court of Appeals of Kentucky affirmed the decision of the trial court. Ripley v. Von Zedtwitz, 201 Ky. 513, 256 S. W. 1106, 1107. The court thus stated the theory of the bill: "The right of recovery is based on the assumption that the title to the property had vested in plaintiffs as the next of kin of the testatrix for the reason that Waldemar, being a nonresident alien, could not take real property, or taking could not hold for a longer period than eight years next after the final settlement of the estate of the testatrix, and that that period had long since expired." After stating the common law rule that a nonresident alien may take by act of the parties, that is, by grant or will, and may hold against all the world except the state, and against the state until office found, the court examined applicable state statutes, particularly section 338, and ruled that, where real estate in Kentucky is devised to a nonresident alien, who does not dispose of it within eight years, the land does not then pass to the testator's next of kin capable of inheriting, but that the common-law rule is in force, and only the state may question the right of the alien to

hold the property. The decision of the court concludes: "It follows that appellants did not show themselves entitled to the property, and that the demurrer to the petition as amended was properly sustained." Neither the Alien Property Custodian nor the Treasurer of the United States was made a party, nor was the court informed that the property was under seizure by the Alien Property Custodian.

Appellants make the same contentions here that were made in the Kentucky suit, except that it is now "conceded that aliens, both under the treaty (of 1828) and the Kentucky law, have the right to take an interest in real estate in Kentucky and other States as well." As stated by appellants, "the sole question is what became of the title to the property at the expiration of the time fixed by the treaty and/or the statutes." Appellants contend that upon the happening of this event the complete title to the property devised passed to the heirs at law capable of taking. They rest their claim to the New York and Rhode Island property upon the result of their contentions as to that in Kentucky.

■ By the common law an alien might take by purchase, whether by grant or devise, and his title was good as against all persons but the sovereign. Fairfax's Devisee v. Hunter's Lessee, 7 Cranch, 603, 3 L. Ed. 453; Doe ex dem. Governeur v. Robertson, 11 Wheat. 332, 6 L. Ed. 488; Phillips v. Moore, 100 U. S. 208, 25 L. Ed. 603; Larkin v. Washington Loan & Trust Co., 58 App. D. C. 391, 31 F.(2d) 635; Techt v. Hughes, 229 N. Y. 222, 128 N. E. 185, 11 A. L. R. 166.

■■ Section 338 of the Kentucky statutes provides that if real estate within the state shall pass to a nonresident alien by descent or devise, the same may, for the period of eight years next after the final settlement of the estate of the decedent from whom it was acquired, be held and alienated by such nonresident alien. Interpreting this provision, the Court of Appeals of Kentucky, in the decision to which we have referred, said: "Therefore, it seems to us that section 338 not only confirms the right of a nonresident alien to take real estate by devise, but confers the additional right to hold the property for a period of eight years even as against

the state, a right which did not exist at common law. * * * Section 338 contains no language that provides expressly, or by necessary implication, or even inferentially, that real property, which has been held by a nonresident alien devisee for more than eight years, shall pass to the testator's next of kin who are capable of inheriting, but leaves the common-law rule in force, and under that rule only the state may question the right of an alien to hold real property." This view of the statute by the court of last resort of the state impresses us as sound, and we therefore adopt it. It follows that section 338, instead of cutting down the common law rule, has enlarged it.

■ Reliance is placed upon article 14 of the Treaty with Prussia of May 1, 1828 (8 Stat. 384), which reads in part as follows: "And where, on the death of any person holding real estate, within the territories of the one party, such real estate would, by the laws of the land, descend on a citizen or subject of the other, were he not disqualified by alienage, such citizen or subject shall be allowed a reasonable time to sell the same, and to withdraw the proceeds without molestation, and exempt from all duties of detraction, on the part of the Government of the respective States." In our view, article 14 has no application to the present case, since the land in question did not "descend on" von Zedtwitz, but passed to him by devise. Under the common law an alien, having no inheritable blood, could not take by descent. It was the purpose and effect of this provision of the treaty to modify the harshness of the common-law rule by permitting the alien upon whom "real estate would, by the laws of the land, descend * * * were he not disqualified by alienage," within a reasonable time to sell the same and withdraw the proceeds.

In view of our conclusion on the merits, we have not found it necessary to pass upon the motion to dismiss, based upon the failure of appellants to file a motion for the substitution of the present Alien Property Custodian, as provided by section 11 of the Act of February 13, 1925, 43 Stat. 936, 941 (28 US CA § 780).

Decree affirmed.

Affirmed.